ELISA RUIZ DE MONGE, Plaintiff and Appellant, *v.* SINDICATO REORGANIZACIÓN VANNINA, ETC., ET AL., Defendants and Appellees.

No. 8868.   Argued March 9, 1944.—Decided May 4, 1944.

544

*R. H. Blondet* for appellant. *Damián Monserrat, Jr.*, and *Gabriel de la Haba* for appellees. *Francisco Vizcarrondo Morrel* for third party defendant.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The plaintiff filed an unlawful detainer proceeding against the defendants on the following grounds: (*a*) default in payment of the lease rental of a property and (*b*) expiration of the lease contract, by rescission. The complaint was dismissed by the lower court and the plaintiff alleges herein that it erred in holding that said grounds had not been proved. We have carefully examined the evidence introduced and to our mind the opinion rendered by the trial court correctly sets forth the proven facts in this case, which justify the judgment rendered. Said opinion reads in its pertinent part as follows:

"About the year 1937, and by deed executed before Notary Damián Monserrat on December 6, of said year, the plaintiff, Elisa Ruiz widow of Monge, leased to the defendant, Sindicato Reorganización Vannina, for the term of fourteen years and eight months, and for a monthly rental of $110.00, payable at the end of each monthly period, a rural property situated in the ward of Carraizo within the municipality of Trujillo Alto. The lessee, Sindicato Reorganización Vannina, advanced to the lessor the sum of $2,500, on account of the rentals, which sum, together with annual interest at 7 per cent, would be paid by the lessor in monthly instalments of $50 each to be deducted from the lease rental, and from the rest of said rental the lessee would pay $50 monthly to The Federal Land Band of Baltimore as credit on a mortgage which encumbered the leased property, delivering to the lessor the remaining $10 of said rental.

"The lessee partnership, Sindicato Reorganización Vannina, was dissolved by a deed executed before Notary Damián Monserrat on

April 23, 1939, wherein was constituted Sociedad Agrícola de Río Piédras, a partnership which was modified by a deed executed before the same notary on January 12, 1940, creating Sociedad Agrícola de Río Piedras, *S en C.*, defendant herein. Both Sociedad Agrícola de Río Piedras and Sociedad Agrícola de Río Piedras, *S. en C,* as successors of Sindicato Reorganización Vannina, and having acquired the same rights of the latter in the contract of lease entered into with the plaintiff, complied with all the terms agreed to in said contract, except the terms of payment of the rental, which, at the request of the plaintiff, were modified thus: To the plaintiff they had to deliver $30 monthly instead of $10; to The Federal Land Bank of Baltimore they continued to pay $50 monthly; and the instalments of the loan were reduced to $30 monthly.

"On October 28, 1941, and by a deed executed before Notary Damián Monserrat, Sociedad Agrícola de Río Piedras, *S. en C.*, sublet to José María del Valle, third party defendant herein, the property covered by said lease, of which sublease the plaintiff became aware on May 31, 1943, since until said date the defendant Sociedad Agrícola de Río Piedras, *S. en C.*, notwithstanding it had sublet said property to Mr. del Valle, had continued to pay to the plaintiff the lease rental in the agreed manner.

"After the plaintiff learned of said sublease, a son of hers, on June 3, 1943, wrote to the defendant Sociedad Agrícola de Río Piedras, *S. en C.*, and informed it that the plaintiff neither consented to, nor accepted, the said sublease, since the contract signed by her did not entitle said partnership to sublet.

"There is no showing in the contract of lease entered into by the plaintiff and the Sindicato Reorganización Vannina that the lessee was forbidden to sublet the property covered by the contract.

"The sublessee, Mr. del Valle, following the instructions of the sublessor, paid the lease rental corresponding to the months of June, July, and August of the present year in the same manner as the defendants had made payment since the execution of the contract of lease—December of 1937—until May 31 of the present year, that is, by delivering $50 to The Federal Land Bank of Baltimore, $300.00 to the Central San José, Inc., and what remained to complete the rental, after discounting the Victory Tax on the total amount of the rental, to the plaintiff, who, upon receiving from Mr. Del Valle a check in payment of part of the rental which corresponded to the month of June of the instant year, returned it to him through her attorney, Mr. Ricardo H. Blondet, on the ground that she did

not accept the contract of sublease entered into by Mr. Del Valle and the defendant Sociedad Agrícola de Río Piedras, S. en C; and for this same reason she returned the check that Mr. Del Valle sent to her in payment of part of the rental which was due her for the months of July and August of this year.

"'The checks which Mr. Del Valle sent to Central San José, Inc., and to The Federal Land Bank of Baltimore in plaintiff's name and on account of the lease rentals corresponding to the months of June, July, and August of 1933, were paid to Central San José, Inc., and to The Federal Land Bank of Baltimore by the Banco Popular of Puerto Rico, drawee of said checks.

(We must state herein that, according to a certificate from the clerk of the lower court, filed in this court, Mr. Del Valle has made monthly deposits in the district court of the balance of the lease rentals due to the appellant.)

"The plaintiff maintains that Mr. Del Valle made payments by check, and that that was not a payment under the contract nor under the law; but in alleging this, plaintiff forgets that the terms of the contract were altered by her own actions, since for five years she had been receiving checks from the defendants in payment of the rentals. When the plaintiff received the first check from Mr. del Valle, she did not return the same on that ground, but because she did not accept the contract of sublease; . . .

"The evidence has not convinced us of the alleged rescission of the contract of lease. Although it is true that on July 1, 1941, Sociedad Agrícola de Río Piedras, S. en C., asked the plaintiff whether she was willing to rescind the contract of lease, and that on July 8, 1941, plaintiff answered accepting such rescission, nevertheless, it is equally true that they never effected said rescission of contract, and plaintiff's own son admitted this in his testimony. If they had rescinded the contract, plaintiff's son would not have written, on June 3 of the instant year, to defendant Sociedad Agrícola de Río Piedras, S. en C., making reference to the contract, and neither would have plaintiff's counsel, Attorney Blondet, written on July 7, 1943, to Mr. Del Valle, that plaintiff did not accept the sublease."

From all these facts proved, it appears that the only reason which plaintiff had in mind for refusing Mr. Del Valle's payment of the balance of the lease rental due her accord-

ing to the contract, was the fact that the property had been sublet to Mr. De Valle, it being alleged by the plaintiff that the lessee had no right to sublet the property. However, this fact was neither alleged nor proved by the plaintiff, and she was barred from doing so, because the contract did not expressly prohibit said sublease, and this being so, the lessee was entitled to do it pursuant to §1440 of the Civil Code.

The judgment appealed from must be affirmed.